UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:17-CV-61009

SIDNEY SAINT-FORT,

    Plaintiff,

vs.

FOREVER PROPANE SALES & SERVICE,
INC. a Florida for-profit corporation; and
MANUEL C. ROSADO, individually,

    Defendants.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff SIDNEY SAINT-FORT, through undersigned counsel, sue Defendants FOREVER PROPANE SALES & SERVICE, INC., a Florida for-profit corporation ("FPSS"), and MANUEL A. ROSADO, individually ("ROSADO"), and allege as follows:

1. This is an action for unlawful failure to pay overtime compensation as required by the federal Fair Labor Standards Act, 29 U.S.C. §207(a) ("FLSA"), and its implementing regulations.

2. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the FLSA, 29 U.S.C. §216(b).

3. Venue is proper in this Court as all actions complained of herein occurred in the Southern District of Florida.

4. Plaintiff at all relevant times was, and still is, a resident of Broward County, Florida, and are *sui juris*.

5. Defendant FPSS is, and at all relevant times was, a Florida for-profit corporation authorized to do business, and doing business in Broward County, Florida. FPSS is, and at all relevant times was, a seller and provider of propane gas for residential and commercial use that used, purchased, and sold materials and goods in interstate commerce, and had annual gross revenues in excess of $500,000.00.

6. Upon information and belief, Defendant ROSADO is, and at all relevant times has been, a resident of Broward County, Florida, and is *sui juris*. At all relevant times, ROSADO was and still is an owner, operator, and the President of FPSS, was and still is an agent of FPSS, acted in the course and scope of his employment and agency as owner, operator, and the President of FPSS with regard to Plaintiff, and oversaw, supervised, and controlled the day-to-day operations of FPSS.

7. At all relevant times FPSS was and still is an "employer" under the FLSA for purposes of enterprise coverage in that it was an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and had gross annual revenues of not less than $500,000.00. In addition, ROSADO was at all relevant times, and still is, a statutory "employer" under the FLSA in that he acted, directly or indirectly, on behalf of FPSS in relation to Plaintiff, and regularly exercised authority to hire and fire employees of FPSS, determined the work schedules of employees of FPSS, set the rates of pay and compensation for employees of FPSS, controlled the finances and operations of FPSS, and oversaw, supervised, and controlled the day-to-day operations of FPSS.

8. At all times during their employment with Defendants, Plaintiff was a non-exempt employee who regularly worked over 40 hours in one or more work weeks.

9. Plaintiff was employed by Defendants from on or about September 20, 2014 until on or about November 20, 2015. For the first three months of his employment, until January 2015, Plaintiff was paid a regular hourly rate of $8.00. For the first three months in 2015, and through March 2015, Plaintiff was paid a regular hourly rate of $9.00 per hour. For the remaining period of employment in 2015, Plaintiff was paid a regular hourly rate of $10.00.

10. Throughout his employment, Plaintiff regularly worked more than 40 hours in one or more of the work weeks he worked. He regularly worked six days per week (Monday through Saturdays), with scheduled work hours from approximately 6:30 a.m., when Defendants' store was opened, until approximately 6:30 p.m. to 7:30 p.m., when the store would close. Plaintiff thus estimates that he worked, on average, approximately 70 to 78 hours each work week, of which 30 to 38 hours was overtime. Plaintiff estimates that he worked an estimated 1,800 to 2,280 overtime hours over his period of employment.

11. Plaintiff was paid by check and cash for all hours he worked but only at his regular hourly rate, and not the extra half-times his hourly rate for the overtime hours he worked. Plaintiff thus estimates that he worked a total of 420 to 532 hours of overtime for the first 14 weeks of his employment at an hourly rate of $8.00, but was not paid the extra $4.00 per hour for these overtime hours as required by the FLSA, totaling between $1,690.00 and $2,128.00 of unpaid overtime. Plaintiff estimates that he worked a total of 420 to 532 hours of overtime for the second 14 weeks of his employment at an hourly rate of $9.00, but was not paid the extra $4.50 per hour for these overtime hours as required by the FLSA, totaling between $1,890.00 and $2,394.00 of unpaid overtime. For the last approximate 32 week of his employment, Plaintiff estimates that he worked a total of 960 to 1,216.00 hours of overtime at an hourly rate of $10.00, but was not paid the extra $5.00 per hour for these overtime hours as required by the

FLSA, totaling between $4,800.00 and $6,080.00 of unpaid overtime. Plaintiff estimates that he is owed total unpaid overtime of between $6,858.00 and $10,602.00 in unpaid overtime, plus an equal amount of liquidated damages as provided by the FLSA.

12. Plaintiff has kept very few of his pay and time records, and the complete records of the compensation actually paid to Plaintiff and the time Plaintiff worked are, or should be, in the possession, custody, and control of Defendants. Upon information and belief, however, Defendants have failed to keep and maintain all the required records of hours worked and wages paid per the record-keeping requirements of the FLSA.

13. All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

14. Plaintiff has hired the undersigned law firm to represent him in this case and has agreed to pay the firm a reasonable fee for its services.

## **COUNT I – UNPAID OVERTIME VIOLATION OF FLSA**

15. Plaintiff re-alleges paragraphs 1 through 14 as if set forth fully herein.

16. Under the FLSA, Defendants were obligated to pay Plaintiff time and one-half of his regular hourly pay rate for all hours worked in excess of 40 hours per work week. Plaintiff worked in excess of 40 hours per work week in one or more weeks, but was not paid the extra half his regular hourly rates for any of the overtime hours he worked, as required by the FLSA.

17. Defendants have failed and refused to pay Plaintiff the required extra one-half his regular hourly rate for each work week in which he worked overtime hours in excess of 40 hours per work week, in violation of the FLSA overtime requirements of 29 U.S.C. §207(a).

18. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages equal to the extra one-half his regular hourly rates for all hours worked in

excess of 40 hours per work week, plus double that amount in liquidated damages as provided by the FLSA. Plaintiff's estimates unpaid overtime is alleged in paragraph 10 above.

19. Defendants engaged in their overtime pay violations under the FLSA willfully, intentionally, and in reckless disregard of Plaintiff's rights under the law.

20. Plaintiff is also entitled to recover his costs, expenses, and reasonable attorney's fees under the FLSA.

21. At all relevant times, Defendants were aware that their non-exempt employees such as Plaintiff were required to be paid time and one-half their regular hourly rate for all hours worked over 40 in a work week. Defendants were also fully aware that the FLSA imposed certain record keeping requirements on them to keep accurate track of the time each employee, including Plaintiff, worked each work day and each work week. Despite this knowledge, Defendants failed to comply with their FLSA record keeping obligations, and failed to pay Plaintiff the full amount of the required time and one-half overtime premium as required by the FLSA. Defendants thus acted willfully in their failure and refusal to pay Plaintiff any overtime he worked, entitling Plaintiff to recover his unpaid overtime for a period of three (3) years preceding this filing of this lawsuit and also recover full liquidated damages as provided by the FLSA.

WHEREFORE, Plaintiff SIDNEY SAINT-FORT demands judgment against Defendants, jointly and severally, for the following relief:

1. A declaration that Defendants are in willful violation of the FLSA by failing to pay Plaintiff all due overtime compensation for a period covering three (3) years preceding the filing of this lawsuit;

2. An award to Plaintiff of all unpaid overtime as required under the FLSA,

3. An award to Plaintiff of liquidated damages equal in amount to the unpaid overtime award,

4. An award to Plaintiff of all costs, expenses, and reasonable attorney's fees incurred in this case, and

5. Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

DATED: May 22, 2017.

                                        RODERICK V. HANNAH, ESQ., P.A.
                                        Attorneys for Plaintiff
                                        8751 W. Broward Blvd., Ste. 303
                                        Plantation, Florida 33324
                                        Telephone: (954) 362-3800
                                        Facsimile: (954) 362-3779
                                        Email: rhannah@rhannahlaw.com

                                        By /s/ *Roderick V. Hannah*
                                              Roderick V. Hannah
                                              Fla. Bar No. 435384